[No. 13612. Department Two. January 8, 1917.]

SAM GUSTAV, *Respondent*, v. JAMES D. ESARY, *as Receiver etc., Appellant.*[1]

RECEIVERS—DISCHARGE—EXHAUSTING ESTATE. Where a receiver had completely exhausted the estate in complying with prior orders, he cannot be required to pay a claim filed with his attorney of which he had no notice prior to his discharge, the impossibility of paying as receiver being due to no fault of his own.

Appeal from an order of the superior court for King county, Tallman, J., entered November 10, 1914, committing a receiver to jail as for contempt, in case of failure to comply with an order requiring payment of a claim against an insolvent estate. Reversed.

*Byers & Byers*, for appellant.
*Cole & Dolby*, for respondent.

MORRIS, J.—In January, 1911, appellant was appointed receiver of the Three Tree Point Gravel Company. In

October following, he made his final report to the court and, with his bondsman, was discharged. In September, 1913, respondent filed a petition praying that the order of discharge be set aside upon the ground that respondent had filed a claim with the receiver which had been allowed by the court and which had not been paid. A hearing was had upon this petition, after various objections on the part of appellant, when it appeared that respondent's claim, while filed with the attorneys of the receiver, was not called to the attention of the receiver, and that for this reason it was not included in his final report, and no provision made for its payment. It was further shown that, acting under the orders of the court, the receiver had paid out all the moneys, save a few cents, of the insolvent corporation coming into his hands, and had exhausted its assets. The lower court thereupon entered an order vacating the order of discharge, and required the receiver to pay respondent's claim, with interest and attorney's fees. The appellant did not comply with this order, and the court thereupon issued a show cause order requiring him to comply with the prior order of payment or subject himself to contempt. Appellant appeared in response to this order and again made a showing of no funds or property. The lower court found appellant had no means of complying with the order of payment, that all funds and property coming into his hands had been paid out in accordance with the previous orders of the court, but notwithstanding, ordered the appellant to pay respondent's claim, or, in default, stand committed to the county jail. Notice of appeal was given, and the case is here for review.

Many interesting legal questions, jurisdictional and otherwise, are argued by respective counsel, which, in view of the conclusion we have reached, will not be referred to. We are of the opinion that, when it appeared that the insolvent estate had been completely exhausted in complying with the prior orders of the court, and that it was impossible for the appellant, as receiver, to make the payment required of him,

the proceedings should have been dismissed. The court should not, in the alternative, require its officer to do that which is impossible, when the impossibility arises through no fault of the officer and is occasioned through executing prior orders of the court, or be punished for contempt. Finding in this a sufficient reason for reversing the judgment, we refrain from discussing other points.

The judgment is reversed.

MOUNT, FULLERTON, HOLCOMB, and PARKER, JJ., concur.